```
       IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
```
_____

| | |
|---|---|
| SADE M. GRAVES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOUIS DEJOY, POSTMASTER | ) |
| GENERAL, | )   No. 22-cv-2039-SHM-tmp |
| MICHEAL RICHARDSON, | ) |
| JCS BYNUM, | ) |
| ALBERT RINEHART, | ) |
| SANDRA DAVIS, and | ) |
| DONALD NEWTOW, | ) |
| | ) |
|     Defendants. | ) |

_____

## REPORT AND RECOMMENDATION
_____

On January 25, 2022, plaintiff Sade Graves filed a *pro se* complaint against Louis DeJoy, the Postmaster General of the United States, Micheal Richardson, her former manager at the United States Postal Service ("USPS"), Donald Newtow, Albert Rinehart, Sandra Davis, and JCS Bynum for alleged employment discrimination under the Americans with Disabilities Act ("ADA"). (ECF No. 1.) Graves also filed a Motion for Leave to Proceed *in forma pauperis*, which was granted on January 27, 2022. (ECF No. 6.) Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial

matters for determination and/or report and recommendation, as appropriate. Since Graves is proceeding *in forma pauperis*, the court must screen her complaint to determine whether summons should be issued by the Clerk pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). For the below reasons, it is recommended that defendants Richardson, Bynum, Rinehart, Davis, and Newton be dismissed from the case and that process be issued as to defendant DeJoy.

## I.     PROPOSED FINDINGS OF FACT

Sade Graves was a USPS employee under the management of Micheal Richardson. (ECF No. 1 at 4.) At some point, Graves was diagnosed with and disabled by end stage renal failure. (Id.) Despite working well with her disability for 3 years, Richardson harassed "and discriminated against [her] by denying [her] the right to work and work overtime because of [her] disability." (Id.) Further, Richardson allowed Graves's immediate supervisor to discriminate against and harass her as well. (Id.)

Graves filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 31, 2019, and ultimately received a right to sue letter on October 27, 2021. (Id. at 5.) She filed the present suit on January 25, 2022, seeking injunctive relief to impose a mandatory "class on disability and discrimination" on management, as well as damages of "attorney

fees, court costs and compensatory damages and punitive damages of $200,000 or more." (Id. at 6.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than

formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.  Inapplicability of the ADA**

As a preliminary matter, Graves cannot bring her claims of disability discrimination in employment against the USPS under the ADA. USPS and other federal employers are not "employers" included under the ADA's protections. 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include – (i) the United States [or] a corporation wholly owned by the government of the United States"); see also Turner v. Merit Systems Protection Board, No. 20-2613-SHL-tmp, 2021 WL 6127843, at *3 (W.D. Tenn. Dec. 2, 2021) ("the USPS is not included in the ADA's definition of employer"), report and recommendation adopted, 2021 WL 6125870 (W.D. Tenn. Dec. 28, 2021). Thus, the undersigned construes Graves's claims as being brought under the Rehabilitation Act, a parallel statute of the ADA that "provides the exclusive remedy for USPS employees asserting a claim of disability discrimination." Verkade v. United

States Postal Serv., 378 F. App'x 567, 577 (6th Cir. 2010) (citing 42 U.S.C. § 12111(5)(B)(i)).

**C.   Proper Defendants Under the Rehabilitation Act**

The Rehabilitation Act requires that claims of disability discrimination be brought against "the head of a federal agency or department." Young v. Dep't of the Treas., No. 2:19-cv-02384-TLP-dkv, 2020 WL 3980796, at *12 (W.D. Tenn. Apr. 9, 2020), report and recommendation adopted, 2020 WL 1939352 (W.D. Tenn. Apr. 22, 2020) (collecting cases); see also Hood v. Brennan, No. 15-1937, 2017 U.S. App. LEXIS 21166, at *6 (6th Cir. Feb. 3, 2017); Lucy-Evans v. Dep't of Veterans Affairs, No. 1:15-CV-432, 2015 WL 7002912, at *1 n.1 (N.D. Ohio Oct. 22, 2015), report and recommendation adopted, 2015 WL 6964575 (N.D. Ohio Nov. 10, 2015). In other words, the proper defendant in Rehabilitation Act claims against the USPS is the Postmaster General. See Hood, 2017 U.S. App. LEXIS 21166, at *6 (citing 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act)).

Graves has named the correct defendant, Louis DeJoy, who is the current Postmaster General. (ECF No. 1 at 1.) However, Graves has also listed other individual defendants while only asserting claims under the Rehabilitation Act. (Id.) Defendants Richardson, Bynum, Rinehart, Davis, and Newtow are not valid defendants for a Rehabilitation Act claim. The undersigned thus recommends that

they be dismissed from the case before process is issued.

## D.  Plausibility of Graves's Claims

Outside of pleading matters, Graves's complaint states a plausible case for disability discrimination under the Rehabilitation Act. She alleges that her direct supervisor harassed and discriminated against her based on her disability, and that she was denied work and overtime privileges due to her health issues. (ECF No. 1 at 2.) This specific example moves Graves's complaint beyond mere legal conclusions, and accepted as true, provides a plausible basis for inferring that the USPS would be liable. The undersigned thus recommends issuing process as to the proper named defendant for her claims: Louis DeJoy.

## III. RECOMMENDATION

For the above reasons, the undersigned recommends that Graves's complaint be construed as brought under the Rehabilitation Act. Further, the undersigned recommends dismissing defendants Richardson, Bynum, Rinehart, Davis, and Newtow from the case, since they are not proper defendants for Rehabilitation Act claims. Finally, the undersigned recommends issuing process as to Louis DeJoy, the proper defendant in a Rehabilitation Act claim brought against the USPS.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 31, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**