```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | | |
|---|---|---|
| SADE M. GRAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22-cv-2039 |
| | ) | |
| LOUIS DEJOY, POSTMASTER GENERAL, | ) | |
| MICHEAL RICHARDSON, JCS BYNUM, | ) | |
| ALBLERT RINEHART, | ) | |
| SANDRA DAVIS, and DONALD NEWTOW | ) | |
| Defendants. | | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is United States Magistrate Judge Tu M. Pham's Report and Recommendation (the "Report"), filed January 31, 2022. For the following reasons, the Report is **ADOPTED**. The Complaint is construed as brought under the Rehabilitation Act,

29 U.S.C. §§ 791, et seq., and Defendants Richardson, Bynum, Rinehart, Davis, and Newtow are **DISMISSED** from the case.

I. Background

On December 31, 2019, Plaintiff Sade M. Graves filed a charge of disability discrimination with the Equal Employment Opportunity Commission. (ECF No. 1 at 5.) She received a right to sue letter on October 27, 2021. (Id.) On January 25, 2022, Graves filed suit seeking injunctive relief to impose mandatory disability and discrimination training on management, attorneys' fees and court costs, and compensatory and punitive damages of $200,000 or more. (Id. at 6.)

On January 31, 2022, the Magistrate Judge issued a Report and Recommendation. (ECF No. 7.) The Report explains that, because Graves is proceeding in forma pauperis, her complaint should be liberally construed. (Id. at 3-4.) The Report concludes that Graves's suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12111, et seq., (the "ADA") is improper because Graves's employer, the United States Postal Service, is not covered by the ADA. (Id. at 4.) Instead, the Report construes Graves to assert a claim under the Rehabilitation Act, "a parallel statute of the ADA that 'provides the exclusive remedy for USPS employees asserting a claim of disability discrimination.'" (Id. (citing Verkade v. United States Postal Serv., 378 F. App'x 567, 577 (6th Cir. 2010).) The Report then

2

explains that, under the Rehabilitation Act, claims of disability discrimination must be brought against the head of a federal agency or department. (Id. at 5 (collecting cases).) The Report concludes that Graves correctly brings suit against Louis DeJoy, the postmaster general, and recommends dismissing the remaining, invalid defendants. (Id. at 5-6.)

On February 10, 2022, Graves responded to the Report and Recommendation. (ECF No. 10.) She accepts the Magistrate Judge's recommendations and makes no objections. (Id.)

**II.  Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). Although "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the findings

3

and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

### III. Analysis

Because Plaintiff does not object to the Magistrate Judge's recommendations, the recommendations are adopted in full.

### IV. Conclusion

For the foregoing reasons, the Report is **ADOPTED**. The Complaint is construed as brought under the Rehabilitation Act. Defendants Richardson, Bynum, Rinehart, Davis, and Newtow are **DISMISSED** from the case.

SO ORDERED this 17th day of October, 2022.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE